IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:15CR049 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | |
| MELVIN J. WRIGHT, | ) | PLEA AGREEMENT |
| | ) | |
| Defendant. | ) | |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and in consideration of the mutual promises set forth below, the United States Attorney's Office for the Northern District of Ohio (hereinafter "USAO"), by and through its undersigned attorney, and the defendant, MELVIN J. WRIGHT (hereinafter "Defendant"), agree as follows:

**MAXIMUM PENALTIES AND OTHER**
**CONSEQUENCES OF PLEADING GUILTY**

1. **Waiver of Constitutional Trial Rights.** Defendant understands that Defendant has the right to plead not guilty and go to trial. At trial, Defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the defense, and the right to be protected from compelled self-

Defendant's Initials MW

incrimination. Defendant understands that Defendant has the right to an attorney at every stage of the proceedings and, if necessary, one will be appointed to represent Defendant. Defendant understands that by pleading guilty, Defendant specifically and voluntarily waives each of these trial rights, except the right to counsel. Defendant understands that a guilty plea is a complete admission of guilt and if the Court accepts the guilty plea, the Court will find Defendant guilty without a trial.

2. **Statutory Penalties.** Defendant understands that the statutory maximum penalties, and minimum penalties if applicable, for the count to which Defendant agrees to plead guilty are as follows:

| Count | Statute and Description of Offense | Statutory Sentence Per Count |
|---|---|---|
| 1 | Title 18 U.S.C. § 922(g)(1): Possession of Firearm by Convicted Felon | Maximum imprisonment: 10 years |
|  |  | Maximum Statutory fine: $250,000 |
|  |  | Maximum period of supervised release: 3 years |
|  |  | Special assessment: $100 |

3. **Special Assessment.** As set forth above, Defendant will be required to pay a mandatory special assessment of $100 for each count of conviction, for a total of $100, due immediately upon sentencing.

4. **Costs.** The Court may order Defendant to pay the costs of prosecution and sentence, including but not limited to imprisonment, community confinement, home detention, probation, and supervised release.

5. **Restitution.** The Court may order Defendant to pay restitution as a condition of the sentence, probation, and/or supervised release.

6. **Violation of Probation/Supervised Release.** If Defendant violates any term or condition of probation or supervised release, such violation could result in a period of

*Defendant's Initials* MW

incarceration or other additional penalty as imposed by the Court. In some circumstances, the combined term of imprisonment under the initial sentence and additional period of incarceration could exceed the maximum statutory term.

7. **Immigration Consequences.** Defendant understands that a convicted person who is not a United States citizen may be removed from the United States, denied citizenship and denied admission to the United States in the future. Defendant recognizes that pleading guilty may have negative consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including Defendant's attorney or the Court, can predict to a certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's plea may entail, even if the consequence is Defendant's automatic removal from the United States.

## PLEA

8. **Agreement to Plead Guilty.** Defendant agrees to plead guilty to the Indictment in this case.

## ELEMENTS OF THE OFFENSE

9. The elements of the offense to which Defendant will plead guilty are:

| Title 18 U.S.C. § 922(g)(1): Possession of Firearm by Convicted Felon |
| --- |
| 1: Defendant was convicted of a crime punishable by imprisonment for more than one year; |
| 2: Following Defendant's conviction, Defendant knowingly possessed a firearm; and |
| 3: The specified firearm crossed a state line prior to Defendant's possession. |

*Defendant's Initials* MW

## SENTENCING STIPULATIONS AND AGREEMENTS

10. **Sentencing Guidelines.** Defendant understands that sentencing rests within the discretion of the Court; that federal sentencing law requires the Court to impose a sentence which is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a), and that the Court must consider among other factors the advisory United States Sentencing Guidelines in effect at the time of sentencing and that in determining the sentence, the Court may depart or vary from the advisory guideline range.

11. **Presentence Report.** Defendant understands that the advisory guideline range will be determined by the Court at the time of sentencing, after a presentence report has been prepared by the U.S. Probation Office and reviewed by the parties. Defendant further understands that the USAO may provide to the U.S. Probation Office all known information regarding Defendant's conduct subject to its limited use under U.S.S.G. § 1B1.8 and except as protected under the proffer agreement if any.

12. **Joint Recommendation to Use the Advisory Sentencing Guidelines Computation.** After considering the factors in 18 U.S.C. § 3553(a), the parties agree to recommend that the Court impose a sentence within the range and of the kind specified pursuant to the advisory Sentencing Guidelines in accordance with the computations and stipulations set forth below. Neither party will recommend or suggest in any way that a departure or variance is appropriate, either regarding the sentencing range or regarding the kind of sentence.

13. **Sentencing Recommendations Not Binding on the Court.** Defendant understands that the recommendations of the parties will not be binding upon the Court, that the Court alone will decide the advisory guideline range under the Sentencing Guidelines, whether there is any basis to depart from that range or impose a sentence outside the advisory guideline range, and what sentence to impose. Defendant further understands that once the Court has

*Defendant's Initials* MW

accepted Defendant's guilty plea, Defendant will not have the right to withdraw such a plea if the Court does not accept any sentencing recommendations made on Defendant's behalf or if Defendant is otherwise dissatisfied with the sentence.

14.　**Allocution.** Defendant understands and agrees that the USAO reserves the opportunity to speak at Defendant's sentencing. The USAO agrees that Defendant reserves the right of allocution at sentencing.

15.　**Stipulated Guideline Computation.** The parties agree that the following calculation, using the current advisory Sentencing Guidelines Manual, represents the correct computation of the applicable offense level.

| Title 18 U.S.C. § 922(g)(1): Possession of Firearm by Convicted Felon | | |
|---|---|---|
| Base offense level | 24 | § 2K2.1(a)(2) |
| **Total Offense Level before Acceptance of Responsibility** | **24** | |

Unless otherwise agreed to below, the parties agree that no other specific offense characteristics, Guideline adjustments or Guideline departures apply.

16.　**Acceptance of Responsibility.** The USAO has no reason to believe at this time that Defendant has not clearly and affirmatively accepted personal responsibility for Defendant's criminal conduct. The USAO agrees to recommend a three (3) level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), provided Defendant's conduct continues to reflect Defendant's acceptance of responsibility. Defendant understands it will be up to the Court at the time of sentencing to determine whether a reduction for acceptance of responsibility is appropriate.

17.　**Criminal History Category.** The parties have no agreement about the Criminal History Category applicable in this case. Defendant understands that the Criminal History

Defendant's Initials *MW*

Category will be determined by the Court after the completion of a Pre-Sentence Investigation by the U.S. Probation Office.

### WAIVER OF APPEAL AND POST-CONVICTION ATTACK

18. Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the offense level stipulations and computations in this agreement using the Criminal History Category determined by the Court; or (c) the Court's determination of Defendant's Criminal History Category. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

### WAIVER OF STATUTE OF LIMITATIONS

19. Defendant waives all defenses based on the statute of limitations with respect to any prosecution that is not already time-barred by the applicable statute of limitation on the date of Defendant's signing of this agreement and that is commenced within one year after any of the following events: (1) Defendant fails to plead guilty at the plea proceeding or the Court refuses to accept a guilty plea by Defendant pursuant to this agreement; (2) the Court permits Defendant to withdraw a guilty plea entered pursuant to this agreement or otherwise vacates such a guilty plea; or (3) the conviction obtained pursuant to this agreement is vacated, overturned, or

Defendant's Initials MW

otherwise set aside. Defendant understands the waiver of the statute of limitations is effective immediately upon Defendant's signing of this agreement and is not conditioned upon the approval of this agreement by the Court.

## FACTUAL BASIS AND RELEVANT CONDUCT

20. Defendant agrees that the following summary fairly and accurately sets forth Defendant's offense conduct and a factual basis for the guilty plea. Defendant further agrees that the facts set forth in the summary are true and could be established beyond a reasonable doubt if the case were to proceed to trial:

- On January 8, 2015 shortly after 3:00 a.m., officers from the Toledo Metro Drug Task Force executed a search warrant at the residence of Melvin Wright, located at 380 Dennis Court, Toledo, Ohio. Mr. Wright and his girlfriend were located inside the residence in an upstairs bedroom. Four minor children, ages 10 and under, were also located inside the residence.

- Located in the bedroom closet on a shelf were 2 firearms: a Rohm .22 caliber revolver, model RG23, serial number 41946 and a .380 Ruger pistol, model LCP, serial number 375-25713. In the kitchen, officers located a scale and a small amount of heroin with some cutting agents. Upon questioning, Mr. Wright's girlfriend told officers the firearms were not hers and that she knew Mr. Wright had previously sold drugs out of her apartment.

- The Ruger pistol was later found to have been stolen out of vehicle parked in the driveway of a residence in nearby Whitehouse, Ohio in December 2014. Both firearms were later found to have been manufactured outside the State of Ohio. Mr. Wright has several prior felony convictions including felonious assault and trafficking in cocaine, each of which carried a potential prison term in excess of one year.

Defendant's Initials *MW*

21. Defendant acknowledges that the above summary of Defendant's conduct does not set forth each and every fact that the USAO could prove at trial, nor does it encompass all of the acts which Defendant committed in furtherance of the offense to which Defendant is pleading guilty.

## OTHER PROVISIONS

22. **Financial Statement.** Defendant agrees upon request to submit to the USAO, prior to the date of sentencing, a complete and accurate financial statement on a Financial Statement of Debtor Form to be provided by the USAO.

23. **The Parties are Free to Advise the Court about Matters Not Expressly Addressed.** This agreement is silent about all aspects of the determination of sentence not expressly addressed herein, and the parties are free to advise the Court of facts and to make recommendations to the Court with respect to all aspects of sentencing not agreed to herein.

24. **Consequences of Breaching the Plea Agreement.** Defendant understands that if Defendant breaches any promise in this agreement, commits additional crimes, obstructs justice, attempts to withdraw Defendant's guilty plea, or if Defendant's guilty plea is rejected by the Court or is vacated or set aside, the USAO will be released from all of its obligations under this agreement and may institute or maintain any charges and make any recommendations with respect to sentencing that otherwise would be prohibited under the terms of the agreement. Defendant understands, however, that a breach of the agreement by Defendant will not entitle Defendant to withdraw, vacate, or set aside Defendant's guilty plea or conviction.

25. **Agreement not Binding on other Jurisdictions and Agencies.** Defendant understands that this plea agreement is binding only on the United States Attorney's Office for

*Defendant's Initials* MW

the Northern District of Ohio. It does not bind any other United States Attorney, any other federal agency, or any state or local government.

26. **Defendant is Satisfied with Assistance of Counsel.** Defendant makes the following truthful statements: I have discussed this case and this plea agreement in detail with my attorney who has advised me of my Constitutional and other trial and appeal rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. I have had sufficient time and opportunity to discuss all aspects of the case in detail with my attorney and have told my attorney everything I know about the charges, any defenses I may have to the charges, and all personal and financial circumstances in possible mitigation of sentence. I am satisfied with the legal services and advice provided to me by my attorney.

27. **Agreement Is Complete and Voluntarily Entered.** Defendant and Defendant's undersigned attorney state that this agreement, including any addendums discussed in open court and on the record at the time of the change of plea (if any), is the entire agreement between Defendant and the USAO and that no other promises or inducements have been made, directly or indirectly, by any agent or representative of the United States government concerning any plea to be entered in this case. In particular, no promises or agreements have been made with respect to any actual or prospective civil or administrative proceedings or actions involving Defendant, except as expressly stated herein. In addition, Defendant states that no person has threatened or coerced Defendant to do or to refrain from doing anything in connection with this case, including

*Defendant's Initials* MW

Defendant's decision to enter a guilty plea. Finally, Defendant acknowledges that this agreement cannot be modified unless in writing and subject to approval by the Court.

*Defendant's Initials* MW

## SIGNATURES

**Defendant:** I have read (or have had read to me) this entire plea agreement and have discussed it with my attorney. I have initialed each page of the agreement to signify that I understand and approve the provisions on that page. I am entering this agreement voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impair my ability to understand this agreement.

_/s/ Melvin Wright_____     _11-6-15_____
Melvin J. Wright                             Date
Defendant

**Defense Counsel:** I have read this plea agreement and concur in Defendant pleading in accordance with terms of the agreement. I have explained this plea agreement to Defendant, and to the best of my knowledge and belief, Defendant understands the agreement.

_/s/ Frank Simmons, Jr._____     _11-6-15_____
Frank Simmons, Jr. (OH: 0058498)             Date
316 N. Michigan St., Suite 800
Toledo, OH 43604
Tel.: (419) 241-2300
Franksimmonsjr@gmail.com
Counsel for Defendant

**United States Attorney's Office:** I accept and agree to this plea agreement on behalf of the United States Attorney for the Northern District of Ohio.

_/s/ Noah P. Hood_____     _11/6/2015_____
Noah P. Hood  (MI: P75564)                   Date
Assistant United States Attorney
Four Seagate, Suite 308
Toledo, OH 43604
Tel.: (419) 259-6376
Fax: (419) 259-6360
noah.hood@usdoj.gov

APPROVED:

_____     _____
JAMES G. CARR                                Date
United States District Court JUDGE

_Defendant's Initials MW_